IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY E. CONNER *and* SHARON CONNER,

Plaintiffs,

vs.                                                    Case No. 12-2403-JTM

BA MORTGAGE, L.L.C, *et al.*,

Defendants.

MEMORANDUM AND ORDER

*Pro se* plaintiffs Larry and Sharon Conner have brought the present action against a dozen

financial entities (and their agents), including BA Mortgage, Fannie Mae, Freddie Mac,

Countrywide Home Loans, Mortgage Electronic Registration Systems, and American Family

Financial Services, as well as a variety of John Does. The Conners complain that the defendants are

attempting to foreclose on real property owned by them, in violation of a variety of statutes and state

common law, and seek an injunction preventing the foreclosure on their residence scheduled for

June 28, 2012.

The Conners agree that they bought the property at 5429 W. 126th Terrace in Leawood,

Kansas, with financing through Countrywide in the amount of $450,900. (Dkt. 1, at ¶¶ 30, 31).  A

second mortgage was later executed in favor of First Magnus Financial, and the Conners also

executed a Home Equity Line of Credit from American Family Financial. The court notes that the

assertions in the Conners' Complaint are frequently stated with equivocation and ambiguity. Thus,

they allege that certain persons "have came [sic] under scrutiny due to the facts," and thus the agent "[h]as nullified" the deed held by their employers. (*Id.*, at ¶ 26, 27, 47). They generally allege that subsequent transfers of the mortgage interests were void for a variety of reasons, most commonly that the transferor agent had a beneficial interest in the underlying deed.

The Complaint asserts state common law claims for negligence, fraud, and breach of contract, as well as a variety of state statutes, including K.S.A. 60-1006,[1] K.S.A. 58-2302,[2] and "K.S.A. 17.27,"[3] along with "Kansas Consumer Protection Act. K.S.A. 50.6."[4]  In addition, the Conners cite a variety of legal authorities with little apparent relevance to their claims. The Complaint alleges that the mortgages are voidable under "Tax Code §§ 23304.1, 23304.1(b), and 23305(a)," which has no clear basis in Kansas law. The plaintiffs may be referencing California Revenue & Tax Code §§ 23304.1 *et seq.,* which has formed the basis of some recent (unsuccessful) challenges to foreclosure actions. *See Hill v. Mortage Electronic Registration Sys.*, 2012 WL 94476, *4 (C.D. Cal. Jan. 6, 2012) (dismissing action alleging MERS violated California's foreign registration act). Their Emergency Motion for Hearing (Dkt. 5) references a 2008 article on Ohio foreclosure cases in an American Bar Association newsletter,[5] and their Application for Temporary Restraining Order relies on the USA Patriot Act, P.L 107-56, asserting that the defendant financial

---

[1] K.S.A. 60-1006 governs the procedures for the foreclosure of security interests in Kansas.

[2] K.S.A. 58-2302 provides for rules relating to absolute deeds under Kansas law.

[3] The plaintiffs may be referring to some element of Chapter 17 of the Kansas Code governing corporations

[4] The Kansas Consumer Protection Act is codified at K.S.A. 50-623, *et seq.*

[5] See  http://www.americanbar.org/content/dam/aba/publications/rpte_ereport/ for June, 2008.

institutions have committed both "acts of terrorism" and "acts of war against the United States," and under the Patriot Act they "are **required by Federal Law** to act in unison against Defendants in all possible manner to stop Defendants from committing further acts of terrorism against their great country." (Dkt. 4, at 6-7) (emphasis in original).

The matter was initially heard by Judge Lungstrum, who denied the plaintiffs' request for a restraining order, finding that they had failed to allege any basis for federal jurisdiction. (Dkt. 6). In addition, he ordered the plaintiffs to show cause, on or before July 6, 2012, why the action should not be dismissed for a lack of subject matter jurisdiction. Following Judge Lungstrum's order, the plaintiffs filed a Revised Motion for Temporary Restraining Order. (Dkt. 8).

The plaintiffs' motions are denied for four reasons. First, the plaintiffs have still failed to demonstrate any basis for federal subject matter jurisdiction. The revised motion filed by the plaintiffs is identical to their original motion, except that Paragraph 5 of the motion has been amended, so that instead of stating that the plaintiffs are seeking injunctive relief "authorized by Kansas Civil Practices and Remedies Code, Title 3, Section 65," the motion states that they are seeking an order "authorized by Federal Rules of Civil Procedure." Similarly, in their discussion of whether a bond is required for the injunction, the plaintiffs substitute "Federal Rules of Civil Procedure" for "Kansas Rules of Civil Procedure" in Paragraph 34. These cosmetic changes, addressing simply the *procedural* mechanism for relief, do nothing to demonstrate that the court has *subject matter jurisdiction* over the case.

Even if such jurisdiction existed, the plaintiffs' motions would in any event be denied. The burden is on the plaintiffs to show a likelihood of success on the merits and the existence of irreparable injury in the absence of a restraining order. *Winter v. Nat't Res. Def. Council*, 555 U.S.

7, 20 (2008). Other than merely reciting the names of statutes which they believe may apply to their claims, the plaintiffs have made no attempt to show the elements for such relief and how the elements are satisfied here.

Third, in deciding whether to grant injunctive relief under Fed.R.Civ.Pr. 65, the court may appropriately consider the existence of undue delay. *See GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984) (finding in trademark action that "[d]elay in seeking relief, however, undercuts any presumption [of] irreparable harm [and] may justify denial of a preliminary injunction"). The Complaint in the present action states that U.S. Bank issued a Writ of Assistance against them on May 26, 2010 "which was the first notice that the Foreclosing Defendants had initiated the process of unlawfully escorting the plaintiff [sic] from the Subject Property." (Dkt. 1, at ¶ 62). This was two years ago. The Complaint further states that the Conners were given notice of the trustee's Notice of Default on January 12, 2011, a year and half ago. A Notice to Vacate was subsequently sent on May 24, 2011. (Dkt. 1, at ¶¶ 63, 66). The Conners make no explanation for delaying seeking relief until their eleventh-hour *ex parte* motion to stay the foreclosure.

Finally, the plaintiffs repeatedly if indirectly refer to the existence of ongoing state proceedings by which the defendants allegedly seek to foreclose on the property, which raises the distinct possibility that this court should abstain from interfering in such litigation. *See, e.g., Beck v. Wells Fargo Bank*, 2011 WL 3664287 (E.D. Pa. Aug. 19, 2011) (abstaining from actions seeking to enjoining state foreclosure); *Bank of America v. Sharim, Inc*., 2010 WL 5072118 (S.D.N.Y. Dec. 13, 2010) (same). *See generally Quackenbush v. Allstate Insurance*, 517 U.S. 706 (1996) (discussing abstention). The principle of abstention would independently justify declining jurisdiction in the

4

present action. *See Sutter v. Bank of America*, No. 11-2703-JTM (D. Kan. Jan. 5, 2012) (denying request to enjoin state foreclosure action).

IT IS ACCORDINGLY ORDERED this 27th day of June, 2012, that the plaintiffs' Motions for Temporary Restraining Order (Dkt. 4), Emergency Motion for Hearing (Dkt. 5), and Revised Motion for Temporary Restraining Order (Dkt. 8) are hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE