IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Larry E. Conner and Sharon Conner,

      Plaintiffs,

vs.                                                Case No. 12-2403-JTM

Steve Stroder, Assistant Secretary of BA
Mortgage, LLC, *et al.*,

      Defendants.

MEMORANDUM AND ORDER

This is a *pro se* action by Larry E. Conner and Sharon Conner, seeking to challenge, undermine or invalidate state foreclosure proceedings. The court has previously cautioned the Conners that their claims may be subject to dismissal for numerous reasons. (Dkt. 7, 9). Five Motions to Dismiss are now pending before the court, and the Conners have failed to demonstrate why these motions should not be granted. The court finds that plaintiffs' claims may not be brought in this federal action, and grants the Motions to Dismiss.

In the first motion, Defendant McNeary and Associates LLC has moved to dismiss on the grounds that the Complaint lists it as a defendant, but never mentions it with respect to any particular cause of action. (Dkt. 33). Defendants U.S. Bank National Association,

Mortgage Electronic Registration Systems (MERS), John Doe Number 2, and Ocwen Financial Corporation seek dismissal under Fed.R.Civ.Pr. 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, they argue that the Conners' claims are barred by the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel. Additionally, Ocwen Financial and MERS seek dismissal for lack of service and personal jurisdiction. Defendant Neil, Terrill & Embree, P.A., has also moved to dismiss (Dkt. 51), joining in the R*ooker-Feldman* argument, and also arguing that the court lacks subject matter jurisdiction and that the court should abstain from exercising any jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). By separate motions, defendants BA Mortage LLC, Countrywide Home Loans, Inc., McCauley, Stroder (Dkt. 53), and Fannie Mae (Dkt. 55) seek dismissal of the action on similar grounds

The Conners have filed no substantive response addressing these defects in their Complaint. Instead, following this wave of Motions to Dismiss, plaintiff Larry Conner has moved for additional time to file an Amended Complaint. However, Conner has not attached a copy of the proposed Amended Complaint, as required by D. Kan. Rule 15.1. More importantly, Conner has made no attempt to explain how the proposed Amended Complaint would remedy any of the defects raised by the defendants.

A motion to amend is properly denied as futile where the amended complaint fails to state a claim for relief or otherwise fails to correct fatal deficiencies identified in a motion to dismiss. *Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir.1999). Similarly, a purely conclusory request to amend, which fails to explain how the amended pleading cures the deficiencies noted in the motions to dismiss, is also

properly denied. *See, e.g., Steele v. Quantum Servicing*, 12-CV-2897-L, 2012 WL 5987685, *7 (N.D.Tex. Nov. 30, 2012); *Taylor v. Mani*, No. 10-1472-JLR, 2011 WL 92998, *4 (W.D. WAsh. Jan. 11, 2011). Accordingly, the Motion to Extend or Amend (Dkt. 61) is denied.

The plaintiffs have filed no timely response to the substance of any of the pending motions, and these motions are granted both for good cause shown and pursuant to D. Kan. R. 7.4.

The property of the Conners was subjected to foreclosure in state proceedings which were commenced in 2010. These state proceedings were actively but unsuccessfully contested by the Conners. As the court stressed in its June 27, 2012 Memorandum and Order denying the request for a Temporary Restraining Order, even if subject matter jurisdiction were shown to otherwise exist, "[t]he principle of abstention would independently justify declining jurisdiction in the present action." (Dkt. 9, at 4-5). Federal courts are generally precluded, under that principle, from interfering with ongoing state litigation. *See Quackenbush v. Allstate Insurance*, 517 U.S. 706 (1996)

The plaintiffs have made no showing of why the doctrines of *Younger* or *Rooker-Feldman* extension are inapplicable here. Similarly, they have failed to address any of the other rationales for dismissal noted in the pending motions of the defendants. These motions are, therefore, properly granted.

IT IS ACCORDINGLY ORDERED this 5th day of December, 2012, that the defendants's Motions to Dismiss (Dkt. 33, 50, 51, 53, 55) are hereby granted; the plaintiff's Motion to Extend (Dkt. 61) is hereby denied.

<u>s/ J. Thomas Marten</u>

J. THOMAS MARTEN, JUDGE